JACKSON'S LANDING NORTH     *     NO. 2023-CA-0782

    *     COURT OF APPEAL

VERSUS     *     FOURTH CIRCUIT

GARNISHA PHILLIPS     *     STATE OF LOUISIANA

    *

    *

\* \* \* \* \* \* \*

**LEDET, J. DISSENTS WITH REASONS**

I would affirm the trial court's June 21, 2023 judgment of eviction. "A judgment of eviction must be reversed when the lessor fails to prove the legal ground upon which the lessee should be evicted." *Artspace Bell Sch. v. Tequila Dozier*, 22-0404, p. 10 (La. App. 4 Cir. 12/8/22), 367 So.3d 669, 675 (citation omitted). Here, Jackson's Landing North ("JLN") proved that Garnisha Phillips ("Ms. Phillips") was involved in the altercation that was the cause of the notice to vacate delivered on April 30th.

An addendum to Ms. Phillips' lease with JLN states that neither the resident nor a guest of the resident shall engage in acts of violence or threats of violence. Further, the addendum maintains that any violation of that provision shall be a material violation and is good cause for termination of tenancy.

At the hearing on JLN's rule for possession, the trial court was presented with a video of a physical altercation at the apartment complex. While the majority correctly points out that the trial court's reliance on Danielle Spezio's testimony was erroneous, the record nevertheless contained sufficient evidence to prove that Ms. Phillips was involved in the altercation. The trial court presented Ms. Phillips with the video and asked her if she saw herself in it. Ms. Phillips responded in the affirmative. Thus, JLN demonstrated that Ms. Phillips had materially breached her

lease agreement by engaging in an act of violence at the apartment complex. The April 30th notice to vacate was sufficient to terminate Ms. Phillips' tenancy under the terms of the addendum to the lease.

For those reasons, I would affirm the trial court's judgment of eviction.